# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**ANDRE SHELTON,**             )

    **Plaintiff,**            )

**v.**                         )               2:13-cv-487-JHH

**BIRMINGHAM JEFFERSON**       )
**CONVENTION COMPLEX; DANNY**
**RAYMOND; LOUIS SHERMAN;**    )
**BILL FOSTER; KENNETH**
**HAYWOOD,**                   )

    **Defendants.**           )

## MEMORANDUM OPINION

The court has before it the July 16, 2013 Motion (Doc. #27) for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) filed by Defendants William Foster, Kenneth Haygood, William Raymond and Louis Sherman ("Individual Defendants").  Pursuant to the court's July 17, 2013 order (Doc. #28), the Motion (Doc. # 27) was deemed submitted, without oral argument, on August 21, 2013.  After consideration of the record before the court, the Motion (Doc. #27) is due to be granted for the following reasons.

## I. Background

Plaintiff Andre Shelton filed the instant action against the Individual Defendants and the Birmingham Jefferson Convention Complex ("BJCC") on March 12, 2013, alleging violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1988. (Doc. #1.) Shelton contends that the Individual Defendants violated his civil rights in an incident that occurred on March 13, 2011. (Id. ¶¶ 3,4,8) Plaintiff amended his complaint on July 7, 2013, and asserted the same cause of action against the Individual Defendants. (Doc. # 25 ¶¶ 3,4,8.)

On July 17, 2013, the Individual Defendants filed a brief in support of their Motion for Judgment on the Pleadings. (Doc. #27.) Although given ample opportunity to do so, (see Doc. # 28), Plaintiff failed to file anything in opposition to the Individual Defendants's Motion for Judgment on the Pleadings. In accordance with the court's July 17, 2013 order (Doc. #28) the Motion (Doc. #27) for Judgment on the Pleadings came under submission on August 21, 2013.

## II. Standard of Review

A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6). Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) ("the question was the same: whether the count stated a claim for relief"). Judgment on

2

the pleadings is appropriate when "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting Moore v. Liberty National Life Insurance Co., 267 F.3d 1209, 1213 (11th Cir. 2001) (internal marks omitted)).  To overcome such a motion, the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Auburn Univ. v. IBM, 864 F. Supp. 2d 1222, 1223 (M.D. Ala. 2012)(quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 559). "It is not sufficient that the pleadings merely leave 'open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery.'" Id. (quoting Twombly, 550 U.S. at 561).  When considering a motion for judgment on the pleadings, "the Court is required to accept the facts alleged in the complaint as true, and to view them in the light most favorable to the nonmoving party." Swerdloff v. Miami National Bank, 584 F.2d 54, 57 (5th Cir. 1978).

**III. Factual Allegations in the First Amended Complaint**

Defendants Foster, Haywood and Sherman are security officers employed by the BJCC. (Doc. #25 ¶ 12.) The First Amended Complaint alleges that they guarded "an 18 block area surrounding the BJCC with uniforms, weapons, handcuffs, mace and badges, ostensibly acting under color of state law, and trained in accordance with the officially promulgated custom and policy of BJCC and Raymond to train their bike patrol officers to use techniques of intimidation, harassment, and goading as means to control speech and activity of the Salvation Army clients on public property within said 18 block area surrounding the BJCC." (Id.) Defendant Raymond is their supervisor and is also employed by the BJCC. (Id. ¶ 11.) The First Amended Complaint alleges that Defendant Raymond "was the Chief of Security and the final policy-maker for security within an 18 block area surrounding the BJCC, acting under color of law . . . at the time of the actions complained of." (Id.) Shelton further alleges that Defendant Raymond "was responsible for the supervision and the training of Defendants Sherman, Foster, and Haywood in accordance with the officially promulgated custom and policy of BJCC and Raymond to train their bike patrol officers to use techniques of intimidation, harassment, and goading as means to control speech and activity of the Salvation Army clients on public property within said 18 block area surrounding the BJCC . . . ." (Id.)

As to the specific incident leading to the complaint, Plaintiff Shelton alleges that on March 13, 2011, Defendants Foster, Haywood and Shermon beat him and handcuffed him in accordance with the official policies of the BJCC of dealing with Salvation Army clients. (Id. ¶¶ 17-19.) Shelton contends that Defendants Foster, Haywood and Shermon wore "uniforms with patches and badges ostensibly identifying them as BJCC police officers, and were authorized by BJCC and Raymond to carry weapons and handcuffs with the intended purpose by BJCC that they conduct themselves ostensibly as police officers under color of state law although none of the bike patrol officers were trained and certified state law enforcement officers.[1]" (Id. ¶ 21.)

The First Amended Complaint asserts three claims against Defendants Foster, Haywood and Sherman under 42 U.S.C. § 1983. First, Shelton asserts a claim of unlawful arrest with excessive force in violation of his constitutional rights. (Id. ¶¶ 26-29.) Next, he contends that, in accordance with Defendant Raymond's unofficial and official policies, Defendants Foster, Haywood and Sherman were deliberately

---

[1] The First Amended Complaint further stated that Defendants Foster, Haywood and Sherman were not licensed security guards under the laws of the state of Alabama, and that Defendant BJCC and Raymond were not certified as a Contract Security Company under Alabama law. (Doc. #25 ¶ 22.) Moreover, it continues and states that the Individual Defendants and BJCC did not have "legal authority, permission or approval from the State of Alabama, Jefferson County, or the City of Birmingham" for its practices and procedures described in the complaint. (Id. ¶ 23.)

5

indifferent to Plaintiff's constitutional rights during the alleged incident. (Id. ¶¶ 30-32.) Finally, Shelton asserts a claim for arrest without probable cause in violation of his First and Fourth Amendment rights. (Id. ¶¶ 33-37.)

As for Defendant Raymond, the First Amended Complaint asserts a number of claims based on his supervisory position over the other three Individual Defendants. First, Shelton asserts that Defendant Raymond had final policymaking authority and, under color of state law, he knew of and "acquiesced" to the conduct of Defendants Foster, Haywood and Sherman, because their conduct was in accordance with unofficial and official policy. (Id. ¶¶ 38-42.) Second, Shelton alleges that Defendant Raymond improperly trained Defendants Foster, Haywood and Sherman to use techniques of intimidation and harassment to confront the Salvation Army clients at and near the BJCC complex. (Id. ¶ 44.) According to the First Amended Complaint, those techniques include the use of handcuffs and mace to control speech and conduct of Salvation Army clients, as well as generally "conducting themselves as state police" on public property. (Id.) Shelton claims that Defendant Raymond and the BJCC failed to train Defendants Foster, Haywood and Sherman to interact peacefully with the Salvation Army clients, and failed to train them in accordance with "Alabama Peace Officer Standards" and "Alabama Security Regulation Standards." (Id. ¶ 47.) Finally, the First Amended Complaint asserts supervisor liability generally

6

against Defendant Raymond, as the policy maker of the BJCC, and in his allowance of such "customs and practices that caused unconstitutional violations and acts described" in the First Amended Complaint. (Id. ¶ 51-53.)

## IV. Discussion

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156-57 (1978)). The Individual Defendants contend that the First Amended Complaint contains insufficient factual allegations to establish that they are state actors. The court agrees.

It is well established that the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)). For a private party to be subject to liability under § 1983, that party must have acted under color of state law. In the context of the Fourteenth Amendment, this requires that the party's alleged actions are "fairly attributable to the State," Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982), and that the party "be a person who may fairly be said to be a state actor," id.; see also Harvey v. Harvey, 949 F.2d 1127, 1130 (11th

7

Cir.1992). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Id.

There are three tests for state action by a private party: (1) the public function test, (2) the state compulsion test, and (3) the nexus, or joint-action, test. Id.; NBC v. Communications Workers of Am., 860 F.2d 1022, 1026 (11th Cir.1988). Under the public function test, private actors are state actors when they perform functions "traditionally the exclusive prerogative of the state." Jackson v. Metro. Edison Co., 419 U.S. 345, 353 (1974). Under the state compulsion test, state action occurs when "the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." NBC, 860 F.2d at 1026; see Blum, 457 U.S. at 1004. Under the joint-action test, the government must have "so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise." NBC, 860 F.2d at 1026-27 (quoting Jackson, 419 U.S. at 357-58, 95 S.Ct. 449) (internal brackets and quotation marks omitted). The allegations of the First Amended Complaint fail to sufficiently allege that the Individual Defendants were state actors under all three tests.

Shelton contends that Individual Defendants Foster, Haywood and Sherman are liable under § 1983 because they are employed as security guards by the BJCC. The First Amended Complaint likens the Defendants Foster, Haywood and Sherman to a

8

private policeman, alleging such facts that they wore "uniforms with patches and badges ostensibly identifying them as BJCC police officers, and were authorized by BJCC and Raymond to carry weapons and handcuffs with the intended purpose by BJCC that they conduct themselves ostensibly as police officers under color of state law although none of the bike patrol officers were trained and certified state law enforcement officers." (Id. ¶ 21.)

Under the three tests, there are no allegations that Defendants Foster, Haywood and Sherman performed an exclusive public function. Although the allegations include powers that have been traditionally exercised by the state via the police, none have been exclusively reserved to the police. There are no allegations that Foster, Haywood or Sherman had any more authority beyond the common law privileges available to all private citizens. See Wade v. Byles, 83 F.3d 902, 906 (7th Cir. 1996). For example, Alabama law provides for citizens arrest, including pursuit and detention. See Smitherman v. McCafferty, 622 So.2d 322, 325 (Ala. 1993). Additionally, carrying weapons and handcuffs is not a right exclusively delegated to state officials. Any private citizen in Alabama may carry a pistol, and there is no law forbidding possession of handcuffs. See Ala. Code § 13A-11-73. Section 1983 was created to provide recourse for abuse by governmental entities established through governmental authority, not for every tort allegedly committed by private citizens.

Second, there are no allegations that the government compelled, controlled or encouraged any of the actions of the Individual Defendants. Although the First Amended Complaint alleged that Defendant Raymond trained the security officers to be disrespectful, intimidating and to otherwise goad or incite the Salvation Army clients, these allegations, even taken as true, do not meet the requirements of the state compulision test. See Wellington v. Royal Caribbena Cruises, Ltd., 2013 U.S. App. LEXIS 4734, *6 (11th Cir. March 8, 2013).

Finally, the allegations in the First Amended Complaint are insufficient to satisfy the joint action test, which applies when the "State and the private party [are] joint participants in a common enterprise" when the alleged violation occurred. Id. at *7. Plaintiff has failed to allege sufficient facts to show that Jefferson County and the Individual Defendants were engaged in the joint enterprise of unlawful arrests or use of excessive force.

In short, the Individual Defendants were not state actors when they were involved in the incident alleged in the First Amended Complaint. If the allegations are true, Shelton may very well have a cognizable tort claim, but he does not have one of constitutional dimension against these four individuals.

## V. Conclusion

For the foregoing reasons, the July 16, 2013 Motion (Doc. #27) for Judgment

on the Pleadings under Federal Rule of Civil Procedure 12(c) filed by Defendants William Foster, Kenneth Haygood, William Raymond and Louis Sherman is due to be granted.  A separate order will be entered dismissing the instant complaint against these four individual defendants.  The claims against the BJCC remain.

**DONE** this the __4th__ day of September, 2013.

_____
SENIOR UNITED STATES DISTRICT JUDGE